11-1004-cv
Wiggins v. Jewish Theological Seminary

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of May, two thousand twelve.

Present:
            BARRINGTON D. PARKER,
            PETER W. HALL,
            J. CLIFFORD WALLACE,[1]
                        *Circuit Judges.*

_____

Michael Allen Wiggins,

            *Plaintiff - Appellant*,

            v.                                                    No.     11-1004-cv

Jewish Theological Seminary,

            *Defendant - Appellee*.

_____

---

[1]Judge J. Clifford Wallace, of the United States Court of the Appeals for the 9th Circuit, sitting by designation.

1

FOR APPELLANT:     Michael Allen Wiggins, *pro se*, Philadelphia, Pennsylvania.

FOR APPELLEE:     Diane Windholz, Esq., Gena Brook Usenheimer, Esq., Jackson Lewis L.L.P., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-Appellant Michael Allen Wiggins, *pro se*, appeals from the district court's judgment granting Defendant-Appellee's motion for summary judgment and dismissing his sexual discrimination and retaliation action brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), and the New York State Human Rights Law ("NYSHRL"). We assume familiarity with the facts, proceedings below, and specification of issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). The Court is required to resolve all ambiguities and draw all inferences in favor of the nonmovant; the inferences to be drawn from the underlying facts revealed in materials such as affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the nonmoving party. *See Nationwide Life Ins. Co. v. Bankers Leasing Assoc.*, 182 F.3d 157, 160 (2d Cir. 1999) (citing *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)). Summary judgment is appropriate "[w]here the record

taken as a whole could not lead a rational trier of fact to find for the non-moving party."

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Upon *de novo* review, we hold that the district court properly dismissed Wiggins's action. With respect to Wiggins's retaliation claim, the record evidence shows no material dispute that Defendant-Appellee Jewish Theological Seminary had a legitimate, non-retaliatory reason for terminating him. There is ample evidence in the record that Wiggins failed to meet the requirements of his employment, including documentation of his poor performance beginning within one week of the start of his employment and continuing throughout his short tenure there. *See Ruiz v. Cty. of Rockland*, 609 F.3d 486, 493 (2d Cir. 2010).

Accordingly, for the foregoing reason and the reasons stated by the district court and the magistrate judge below, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3